ROBERT J. KRAEHE, Respondent, v. GOTTLIEB NEUMEISTER, Appellant.

### St. Louis Court of Appeals, November 14, 1899.

**Agency: REAL ESTATE: CONTRACT FOR COMMISSION: FINDING OF JURY.** The jury found that plaintiff had agreed to pay defendant five hundred dollars to exchange city property for a farm, and that the exchange had been made and deeds executed; and also found that such agreement was not dependent upon the agent's effecting a re-exchange of the farm for other city property, and as there was evidence to support such finding, the verdict of the jury is conclusive.

Appeal from the St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

AFFIRMED.

*F. & Ed. L. Gottschalk* for appellant.

(1) Plaintiff can not recover upon a theory of the case adverse to that upon which his petition proceeds. Steinberg v. Phoenix Ins. Co., 49 Mo. App. 255. (2) If plaintiff has failed to perform his part of the contract and relies upon a waiver by defendant, he must plead such waiver. Lanitz v. King, 93 Mo. 513. (3) Where the contract is entire, there can be no recovery for part performance. Eyerman v. Mt. Sinai Cem., 61 Mo. 489; Bersch v. Sander, 37 Mo. 104; Henson v. Hampton, 32 Mo. 408; Schnerr v. Lemp, 19 Mo. 40; Aaron v. Moore, 34 Mo. 79. (4) Party suing on contract must prove performance. Marsh v. Rich-

ards, 29 Mo. 99; St. Louis v. McDonald, 10 Mo. 609.   (5)
When a petition upon a written contract alleges specific per-
formance of the conditions on the part of plaintiff, there can
be no recovery upon a waiver not pleaded—nor can such
waiver be set up in a reply.   Mohney v. Reed, 40 Mo. App.
99.

   *B. O. Davidson* for respondent.

   (1)   By reason of the allegation "that said property
was of the value of $24,000, and the usual and customary
commission for such services as. were rendered by plaintiff
herein is two and one-half per cent," contained in plaintiff's
petition, defendant argues that he was prejudiced, notwith-
standing that plaintiff did not rely on this allegation to make
his case, and did not offer to introduce any testimony in its
support.   This action having been commenced before a jus-
tice of the peace, the rule of pleading is:   "In an action be-
fore a justice, a statement is sufficient if it advise the defend-
ant of what he is sued for, and is so definite as to bar another
action for the same matter."   Joyale v. Keber, 8 Mo. App.
584; Armstrong v. Keleher, 71 Mo. 492; City of Kansas v.
Johnson, 78 Mo. 661.   (2)   On appeal to the circuit court,
the same rule applies:   "In actions instituted in justices'
courts, no formal pleadings are required, and the general
issue obtains, under which the defendant may interpose any
matter which goes to defeat the plaintiff's cause of action.
On a trial *de novo* on an appeal the same rule would apply."
Sherman v. Rockwood, 26 Mo. App. 403.   (3)   Even
though plaintiff's petition contained two counts, which we
deny, under the facts proved in this case, the judgment is
correct.   "Plaintiff sued in two counts, one on a special
contract; the other for reasonable compensation for services
rendered.   Defendant moved to require plaintiff to elect
between the two counts.   The motion was denied.   At the
trial plaintiff dismissed as to one of the counts, and went to

the jury on the other only. Held: That the ruling denying the motion for an election between the counts was harmless and a mere abstract question on appeal." Gardner v. Crenshaw, 122 Mo. 79. "Where the evidence is conflicting, this court will not disturb the findings of the trial court, on the ground that they are against the weight of evidence. "This position is too well settled to need either argument or citation of authority." Meyer v. McCabe, 73 Mo. 240.

BLAND, J.—Plaintiff began his suit in a justice's court by filing a petition therein containing two paragraphs, the first of which alleged in substance, that plaintiff is a real estate agent; that the defendant was the owner of certain described real estate in the city of St. Louis, valued at $24,000; that defendant employed plaintiff to sell or exchange his real estate, agreeing to pay a reasonable compensation therefor; that in pursuance of his said employment plaintiff did negotiate an exchange of defendant's city property at a valuation of $24,000 for a farm in the state of Illinois, and that the exchange was made by proper conveyances; that a reasonable compensation was two and one-half per cent, on the valuation of defendant's city property. The second paragraph alleges that after the negotiations were made but before the exchange was consummated, plaintiff agreed to take and defendant agreed to pay $500 for plaintiff's services. On a trial *de novo* in the circuit court it was shown that plaintiff negotiated an exchange of defendant's city property for a farm in Illinois, and that the exchange was consummated by an exchange of deeds of conveyance between the owners of the respective properties. The evidence offered on behalf of plaintiff tended to prove that the plaintiff agreed to take and the defendant agreed to pay $500 as compensation to plaintiff for negotiating the trade. The evidence offered by the defendant tended to prove that plaintiff, to earn the $500 agreed and undertook, not only to exchange

the defendant's city property for the farm, but also to re-exchange the Illinois farm for other city property, and that no commission or compensation should become due until the latter exchange was made, and that the latter exchange had not been made. Plaintiff offered evidence in rebuttal of this contention of the defendant. The court at the instance of defendant gave the following instruction:

"I. The court instructs the jury that if they find from the evidence that the plaintiff made a contract with defendant by which he was to receive five hundred dollars for his services in making sale or trading his (defendant's) St. Louis property for farm in Madison county, Illinois, and that plaintiff was then to secure a trade for said farm for property on Washington avenue, St. Louis, Mo.; then plaintiff is not entitled to recover in this action unless the jury further find that plaintiff did secure a sale or trade of such farm for defendant."

"2. The court instructs the jury that unless they find from the evidence that an agreement was made by and between plaintiff and defendant, by which defendant was to pay plaintiff five hundred dollars for his services, they will find for defendant."

No other instructions were asked or given. The jury found for plaintiff and assessed his damages at $500. After unavailing motions for new trial and in arrest, defendant appealed.

Under the evidence and instructions the jury found that the contract to pay $500 was not dependent upon a re-exchange of the farm for other city property, as contended for by the defendant. There was evidence to support this finding, and the verdict is conclusive as to that issue in this court.

The exceptions saved as to the admission and rejection of testimony, were taken as to immaterial matters—matters that could not, one way or the other, have influenced the

finding of the jury. They are devoid of merit, as they could not have changed the result.

No reversible error appearing in the record, we affirm the judgment. All concur.